1

2

3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                    * * *

6    STELLAR SNACKS LLC, a Nevada              Case No. 3:19-cv-00716-MMD-CLB
     limited liability company,
7                                              ORDER
                              Plaintiff,
8            v.

9    JM CONSTRUCTION ENGINEERING,
     INC., a California corporation,
10
                              Defendant.
11

12         Plaintiff Stellar Snacks LLC initiated this action against Defendant JM Construction

13   Engineering, Inc. (ECF No. 1). Having reviewed Plaintiff's Complaint—which rests on

14   diversity—the Court now issues an order to show cause why the Court should not *sua*

15   *sponte* dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3);

16   *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991) (Federal courts "are bound to

17   address [subject matter jurisdiction] *sua sponte* if it is questionable." (citation omitted)).

18         District courts have original jurisdiction over civil actions where the matter is

19   between citizens of different states, and where the amount in controversy exceeds

20   $75,000. 28 U.S.C. § 1332(a). To establish a natural person's citizenship, they must be

21   both a citizen of the U.S. and domiciled in a particular state. *Kantor v. Wellesley Galleries,*

22   *Ltd.*, 704 F2d 1088, 1090 (9th Cir. 1983). A person is domiciled in a location where he or

23   she has established a "fixed habitation or abode in a particular place, and intends to

24   remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir.

25   1986) (citation and internal quotes omitted). In contrast, a corporation is a citizen only of

26   the state where its principal place of business is located, and the state in which it is

27   incorporated. 28 U.S.C. § 1332(c)(1). On the other hand, "an LLC is a citizen of every state

28   of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*,

437 F.3d 894, 899 (9th Cir. 2006). "[A]s with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation and internal quotes omitted).

Plaintiff alleges that complete diversity exists because Plaintiff is a Nevada LLC with a place of business in Nevada, while Defendant is a California corporation "doing business in Nevada." (ECF No. 1 at 2.) "[T]he Court cannot possibly determine whether complete diversity exists in this case" because Plaintiff's members have not been identified. *See Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC,* 2015 WL 12656920, *1 (C.D. Cal. 2015) (noting that proper pleading of LLC citizenship requires identification of the LLC's owners or members). To the extent any of those LLC members is a business entity, Plaintiff must trace the citizenship of any constituent unincorporated associations down to the individual or incorporated members. Furthermore, Plaintiff must clearly identify Defendant's principal place of business. As "the party asserting diversity jurisdiction[, Plaintiff] bears the burden of proof," which it has not met. *Lew*, 797 F.2d at 749. Thus, Plaintiff's jurisdictional allegations are incomplete (ECF No. 1 at 2) and do not satisfy the diversity of citizenship requirement under 28 U.S.C. § 1332(a).

It is therefore ordered that Plaintiff show cause why the Court should not dismiss this case for lack of subject matter jurisdiction. Plaintiff will have 15 days to respond to this Order. Failure to timely respond may result in dismissal for lack of subject matter jurisdiction. Defendant may respond pursuant to LR 7-2.

DATED THIS 25th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2